UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT E. ALLEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> GALIPEAU and ALLEN, <br><br> Defendants. | Cause No. 3:23-CV-857-PPS-JEM |

## **OPINION AND ORDER**

Robert E. Allen, Jr., a prisoner without a lawyer, filed a complaint. [DE 2.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Allen alleges he was assaulted in the P-2 South Hallway at Miami Correctional Facility the evening of January 14, 2023. He says his hip was badly injured, possibly even shattered, but he dragged himself to the officer station and banged on the glass. The Dorm Officer (whose identity is unknown) took his time answering but finally called a signal for another officer to respond, but not a medical signal. The Sergeant

who responded (also unknown) asked what was wrong, and Allen told him that his leg was seriously injured and he couldn't move it without pain.

The Sergeant on the scene refused to call for a stretcher to get him to medical for treatment. The Sergeant told him that he needed to get to the P-2 Stairwell on his own and go down two flights of stairs to where a wheelchair was located to take him to medical. If Allen did not do that, then the Sergeant said he would just leave him there in front of the officer station. The Sergeant refused his request for a higher authority.

Allen reports that he dragged himself to the stairwell and started going down the stairs with a lot of pain. Another officer helped him the rest of the way down to where a wheelchair was located to take him to urgent care.

At urgent care, Allen alleges that the officer threw him on the table without care for his injured hip. He asked for an x-ray right away, but was told he could not get one until the next day. He blames Nurse Allen for not calling an ambulance when he first arrived at urgent care. A grievance attached to the complaint explains that medical personnel thought his hip was out of the socket; Nurse Allen gave him naproxen for pain and sent him to the medical ward, where he remained until he received an x-ray the next afternoon. [DE 2-1 at 18.] After the x-ray revealed the extent of the injury, he was taken to an outside hospital by ambulance. Now, Allen has two rods and four screws in his hip and lives with constant pain. He believes being forced to walk after the injury, as well as being handled roughly, caused further damage to his hip.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must

2

satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). I find that Allen plausibly alleges that the Dorm Officer and the Sergeant at the scene were deliberately indifferent to his serious medical needs by making him go down two flights of stairs on his own power despite his leg injury.[1]

Allen names as a defendant Warden Galipeau because he "is in charge of the prison." [DE 2 at 3.] The Warden cannot be held liable solely on the basis of his

---

[1] Allen also blames these defendants for leaving his property unsecured and allowing it to be stolen by other inmates while he was away from the unit. This type of property loss does not state a claim under 42 U.S.C. § 1983. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" But the due process clause is satisfied by a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Ind. Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

employee's actions. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). There are no facts to support a finding that the Warden was aware of any of this as it was happening.

Although the complaint does not state a claim for damages against the Warden, he will remain a defendant in his official capacity for the limited purpose of helping identify the Sergeant on the scene and the Dorm Officer involved. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Until the other officers are identified and named in an amended complaint, they will not be included as defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Allen also sues Nurse Allen, blaming her for not calling an ambulance right away from urgent care. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). In addition, ignoring an inmate's complaints of pain or delaying necessary treatment can

4

amount to deliberate indifference, particularly where the delay "exacerbates the plaintiff's condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). It is possible she had a good reason for her decisions; but at this point in the case, I will allow him to proceed against Nurse Allen under the Eighth Amendment.

Finally, Allen names as a defendant Corizon, identified as the private company providing healthcare services at the prison. It is likely, though, that he meant to sue Centurion Health of Indiana, LLC, the current healthcare provider at the prison.[2] In either case, there is no respondeat superior liability under 42 U.S.C. § 1983, which means a private company cannot be held liable for damages simply because it employed a medical professional who engaged in wrongdoing. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). To allege a viable *Monell* policy claim, the plaintiff must identify an official policy, custom, or practice that caused him injury. *Id.*; *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). There are no such allegations here.

---

[2] Centurion Health of Indiana became the healthcare provider for the Indiana Department of Correction, starting July 1, 2021. *See* Centurion Health Provides Correctional Health for Indiana Department of Correction, Cision PR Newswire, July 12, 2021, *available at* https://www.prnewswire.com/news-releases/centurion-health-provides-correctional-health-for-indiana-department-of-correction-301331594.html.

For these reasons, the Court:

(1) **GRANTS** Robert E. Allen, Jr., leave to proceed against Nurse Allen in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his hip injury on or about January 14, 2023, in violation of the Eighth Amendment;

(2) **DISMISSE**S all other claims;

(3) **DISMISSES** Sgt, Corizon, Dorm Officer;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint [DE 2];

(5) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Allen at Centurion Health of Indiana, LLC, with a copy of this order and the complaint [DE 2];

(6) **ORDERS** Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **WAIVES** Warden Galipeau's obligation to file an answer to the complaint;

(8) **ORDERS** Warden Galipeau in his official capacity to appear and identify the unknown Sergeant and Dorm Officer who were involved in the events at issue in the complaint that took place near the P-2 South Hallway at Miami Correctional Facility on

or around January 14, 2023, before **March 15, 2024**, or show cause why he is unable to do so;

(9) **GRANTS** Robert E. Allen, Jr., until **April 15, 2024**, to file an amended complaint to name the previously unknown officers identified by Warden Galipeau;

(10) **CAUTIONS** Robert E. Allen, Jr., that if he does not file an amended complaint naming the unknown officers by the deadline, this case will proceed only against Nurse Allen;

(11) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Nurse Allen to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on February 22, 2024.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT