UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT E. ALLEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> SANDRA ALLEN, BRANDON WALTERS, and CENTERION HEALTH LLC, <br><br> Defendants. | Cause No. 3:23-CV-857-PPS-JEM |

## OPINION AND ORDER

Robert E. Allen, Jr., a prisoner without a lawyer, filed a complaint about events that happened after he was attacked by other inmates at Westville Correctional Facility in January 2023 and suffered injuries that required surgery. [DE 2.] I granted him leave to proceed against Nurse Allen for being deliberately indifferent to his hip injury. [DE 14 at 6.] But because he did not know the identities of the correctional officers who were also involved, the Warden of Westville Correctional Facility was ordered to provide information about their identities so that Allen could file an amended complaint. *Id.*

The Warden satisfied his obligation. [DE 23.] And Allen has filed an amended complaint, naming the previously unknown defendants. [DE 24.] I must now screen that amended complaint as required by 28 U.S.C. § 1915A, to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed

*pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Allen alleges that on January 11, 2023, he was assaulted by multiple inmates on P-2 South Hallway between 6:00 and 7:30 p.m. [DE 24 at 2.] He "hobbled" to the officer's station, trying to get Officer Deray Collins to help him. He reported that he had been assaulted and asked Officer Collins to call a signal because he thought that he broke his leg. Officer Collins called a signal, and Sergeant Brandon Walters responded.

At this point, Allen was on the floor by the officer's station. He told Sergeant Walters what had happened and explained that his upper leg was hurting, and he had felt a snap. He reported that he was sure something was broken and asked for them to get him medical attention. Walters continued to badger him as a nurse approached. Walters sent the nurse away and told Allen he had to crawl to the stairwell and go down the stairs where there was a wheelchair or he would leave Allen there, where he would be at the mercy of the other inmates. Allen begged for assistance but was denied help.

Allen reports that he crawled, very painfully, to the stairwell. Once he got there, another officer helped drag him down the stairs to where the wheelchair was located. Once he got there, he was taken to urgent care, where Nurse Allen told the officers to put him up on the table. She gave him Naproxen for the pain and said that was all she could do. She noted that one leg was clearly longer than the other. Allen told her that he felt a snap when he was injured and asked for an x-ray. She told him that there were no

2

x-ray techs there at the time and he had to wait until one came the next day. He insisted that his leg was broken and asked to go to the hospital. She repeated that he had to wait.

Allen spent the night in the infirmary. When it came time to get x-rayed he was told he had to get back in the wheelchair, despite the pain that he was in. At this point, his leg was swollen and he was in extreme pain. Another inmate helped him into the wheelchair, but when he got to x-ray, the x-ray tech told him to get up on the four-foot-high table by himself. He explains that every move is an "excruciatingly painful process." [DE 24 at 3.] So, instead, an inmate held him up against a wall for the x-ray. The pain almost made him pass out.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Based on the

3

initial complaint, I concluded that Allen plausibly alleged that the Dorm Officer and the Sergeant at the scene were deliberately indifferent to his serious medical needs by making him go down two flights of stairs on his own power despite his leg injury. But upon reading the allegations in the amended complaint, I conclude that Officer Collins acted reasonably in calling a signal to obtain assistance, but Sergeant Walters bears the responsibility for making Allen go down two flights of stairs. Therefore, Allen may proceed against Sergeant Walters, but Officer Collins will be dismissed.

Similarly, Allen may proceed against Nurse Allen, as before, for not calling an ambulance right away from urgent care or otherwise seeking emergency treatment. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). In addition, ignoring an inmate's complaints of pain or delaying necessary treatment can amount to deliberate indifference, particularly where the delay "exacerbates the plaintiff's condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). The claim against Nurse Allen remains.

Allen reasserts previously dismissed claims against Warden John Galipeau. He alleges Warden Galipeau should be held liable because of a "blind eye policy" and asserts that his own situation is just one of many incidents of deliberate indifference to

4

medical needs because of unprofessional and untrained staff. [DE 24 at 3.] Warden Galipeau cannot be held liable simply because he is in charge of the prison; he needs some kind of personal involvement in the alleged constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). If a constitutional violation is widespread, I could assume at the pleading stage that the warden was aware of the problem and could have taken action. *See Sinn v. Lemmon*, 911 F.3d 412, 423 (7th Cir. 2018) ("Individual defendants . . . who are responsible for setting prison policy, can be held liable for a constitutional violation if they are aware of a systemic lapse in enforcement of a policy critical to ensuring inmate safety yet fail to enforce that policy." (quotation marks omitted)). But here, Allen provides no examples of other occurrences, besides his own. One instance is not enough to find a widespread occurrence. *Id.* Warden Galipeau will be dismissed.

Finally, Allen reasserts a claim against Centerion Health LLC, arguing that the company has a policy that until he is x-rayed, he cannot go to the hospital. Because of this policy, he alleges that he had to remain in pain in the infirmary overnight until an x-ray tech was available the next day. Centerion is the company that provides medical care at the prison. A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices."

5

*Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* policy claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom or practice theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Here, Allen plausibly alleges that a policy of requiring an x-ray before being sent to the hospital caused him injury. He may proceed against Centerion Health LLC.

For these reasons, the Court:

(1) **GRANTS** Robert E. Allen, Jr., leave to proceed against Nurse Allen in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his hip injury on or about January 14, 2023, in violation of the Eighth Amendment;

(2) **GRANTS** Robert E. Allen, Jr., leave to proceed against Sergeant Brandon Walters in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his hip injury on or about January 14, 2023, in violation of the Eighth Amendment;

(3) **GRANTS** Robert E. Allen, Jr., leave to proceed against Centerion Health LLC in its official capacity for compensatory and punitive damages for a policy of requiring an x-ray before an inmate may go to the hospital, prolonging Allen's suffering on or about January 14, 2023, in violation of the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** Galipeau and Deray Collins;

(6) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Brandon Walters at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 24);

(7) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Centerion Health LLC at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 24);

(8) **ORDERS** the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(9) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Brandon Walters and Centerion Health LLC to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(10) **REMINDS** Sandra Allen that under Fed. R. Civ. P. 15(a)(3) her answer to the amended complaint is due within 14 days.

**SO ORDERED** on April 29, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT